UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-02974-RGK-JC | Date | June 1, 2022 |
|---|---|---|---|
| Title | *Lola Marcum v. Huntsman Advanced Materials Americas LLC et al* | | |

Present: The Honorable   R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE

| Joseph Remigio | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff:            Attorneys Present for Defendant:

Not Present                                        Not Present

**Proceedings:**     **(IN CHAMBERS) Order Remanding Action to State Court**

On January 31, 2022, Lola Marcum ("Plaintiff") filed a class action complaint against Huntsman Advanced Materials Americas, LLC, and Huntsman International, LLC (collectively, "Defendants") in state court, claiming various workplace violations. Plaintiff seeks damages for lost wages and emotional distress, penalties, and attorneys' fees. Defendants removed the case to federal court on diversity jurisdiction grounds (28 U.S.C. § 1332). (Notice of Removal, ECF No. 1.) Upon review of Defendant's Notice of Removal, the Court hereby **REMANDS** the action for lack of subject matter jurisdiction.

Title 28 U.S.C. § 1441(a) authorizes defendants to remove a case to federal court when the federal court would have had original jurisdiction over the case. Under 28 U.S.C. § 1332, district courts have original jurisdiction over any civil action in which the parties are citizens of different states, and the action involves an amount in controversy that exceeds $75,000. A defendant's notice of removal must include a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014); *see also Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1068 (9th Cir. 2021).

Here, Defendants do not plausibly allege that the amount in controversy exceeds the jurisdictional threshold. Defendants calculate the amount in controversy for Plaintiff's claims for unpaid meal and rest periods ($42,194), unpaid overtime wages ($6,329.10), unpaid minimum wages ($4,500), unreimbursed business expenses ($780), and itemized wage statement penalties ($4,000). These figures amount to $61,803.10. The Court finds that Defendants' allegations regarding emotional distress damages are speculative and does not include them in the calculation.

As to attorneys' fees, district courts within the Ninth Circuit are split with respect to including prospective attorneys' fees in the amount in controversy, and some courts have declined to do so. *See, e.g., MIC Philberts Invs. v. Am. Cas. Co of Reading, Pa.*, 2012 WL 2118239, at *5 (E.D. Cal. June 11, 2012). In those cases, the courts have found that attorneys' fees are in the control of the client and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:22-cv-02974-RGK-JC | Date | June 1, 2022 |
| Title | *Lola Marcum v. Huntsman Advanced Materials Americas LLC et al* | | |

counsel, and may be avoided or accrue over years depending on legal strategy. *See Grieff v. Brigandi Coin Co.*, 2014 WL 2608209, at *3 (W.D. Wash. June 11, 2014). The Court finds those holdings well-reasoned and finds that prospective attorneys' fees are too speculative to include in the amount in controversy.

Defendants therefore fail to plausibly allege that the amount in controversy exceeds $75,000. Accordingly, the Court **REMANDS** this action to state court for all further proceedings.

**IT IS SO ORDERED.**

cc: Los Angeles Superior Court, 22STCV03845

|  | : |
|---|---|
| Initials of Preparer | jre/k |